IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RANDY EUGENE BAILEY, #169 804, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:13-CV-671-TMH |
| ) | [WO] |
| MIKE ROGERS, *et al*., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated at the Draper Correctional Facility in Elmore, Alabama, filed this *pro se* 42 U.S.C. § 1983 action on September 4, 2013, against Detectives Mike Rogers, Brantley Cargill, and Stanley Garrett.[1] Plaintiff complains that his constitutional rights were violated on July 18, 2011, by an illegal search and seizure. Plaintiff requests damages and a new trial at which evidence obtained illegally by Defendants is excluded. (*Doc. No. 1*.)

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Although the present complaint was stamped "filed" in this court on September 18, 2013, the complaint was signed by Plaintiff on September 4, 2013. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Brantely] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers September 4, 2013 as the date of filing.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires

## I. DISCUSSION

Plaintiff's allegation that his Fourth Amendment rights were violated during an illegal search and seizure of his home on July 18, 2011, is filed outside the applicable statute of limitations. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985)... . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). The running of

---

the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the statute of limitations begins when Plaintiff knows or has reason to know of his injury. (*Id.*).

Here, based on the allegations in the complaint, Plaintiff knew or should have known of his injury in July of 2011 when Defendants subjected him to the allegedly illegal search and seizure. Because Plaintiff failed to file the instant complaint until more than two years after this time, it is clear that the statute of limitations now bars consideration of his claim. This claim is, therefore, subject to dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (in an action proceeding under § 1983, the court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

In addition, plaintiff's claims attempting to challenge the legality of his conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must, therefore, be dismissed. *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994). Consequently, before a prisoner can seek injunctive or monetary relief that would call into question the validity of a conviction or sentence, he must have the conviction or sentence discredited by a state tribunal or by a writ of habeas corpus, as habeas corpus is the exclusive remedy for a state prisoner who challenges the legitimacy of the fact or duration of his present confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481;

*Preiser*, 411 U.S. at 488-490.  Such challenge is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred on July 18, 2011, be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitation;

2. Plaintiff's challenge to the constitutionality of the conviction and sentence under which he is currently incarcerated be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time;

3. This case be DISMISSED prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

It is further

ORDERED that Plaintiff may file an objection to the Recommendation on or before **November 7, 2013**.  Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 24th day of October, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE